Good morning, Your Honors. Ginger Sotelo for Appellants. Good morning. Would you like to reserve any time for rebuttal? Yes, please. How much? Five minutes. All right, please proceed. This matter concerns the propriety of the use of state law presumptions in federal question cases and specifically bankruptcy cases. This matter concerns federal laws, not state laws, not state contract laws. The Bankruptcy Court matter on appeal concerns the trustee's claims for preferential transfers and for excuse me, for preferential transfers and for reconveyance. Federal rules of evidence dictate that the laws that apply in federal bankruptcy proceedings be federal laws. There's a lot of discussion in appellee's briefs discussing the various bankruptcy cases that have used state law causes, state law state laws. If we look at those cases specifically, each of them concerns both diversity and federal question cases. None of the four cases identified or cited discusses pure questions of bankruptcy. Particular to this matter, Federal Rule 302 provides that in a civil action, excuse me, in a civil case, state law governs the effect of a presumption regarding a claim or defense for which state law applies the rule of decision. Here, the Bankruptcy Court misapplied Section 302 by allowing the presumption of 602 to provide for a value. Bankruptcy Court cases cited in our briefs provide that federal laws demand fair market valuation and not presumptions and settlement agreements or state law presumption application. Even assuming that the application of Section 622 of California Statutes is proper in this matter, that specific section has a carve-out provision that does not allow the presumption to apply to any recitals of consideration. The specific information taken as a presumption as to value was that a recital of consideration and should not have been considered within the construct of Section 622. Respondent's argument, excuse me, appellee's argument is a tailored self-serving interpretation of Section 22 arguing that you must only look to see whether there is a statement of the existence of consideration and only that is carved out of Section 622. By limiting the section that way, it eviscerates the exemption in the section and should not be accepted by this court. Absent any competent evidence presented by appellee in the matter in the motion for summary judgment establishing any fair market value, there cannot be a determination in favor of appellee on motion for summary judgment or for a judgment. Substantial evidence was provided during the opposition, in the opposition by appellee with regards to the valuation that should be applied, specifically discussing the operation and application of an underlying operating agreement and the investment return to each of the owners of the subject property. Only in evaluating and analyzing that analysis can we determine what the true value is on the market and what someone would accept at a discount to purchase that interest given the minimal returns that were anticipated. Well, isn't it true it could go both ways? So if we do, as you ask, and we reverse then the trustee will have the opportunity to prove both that the property may be, the transfer may have been more than $450,000 or the transfer of the other interest may have been more than zero. So this, this could go either way, right? It might be that we'll prove that it's less, but may also prove that it's more if we were to reverse. Absolutely, and it's at the two separate transfers. The presumptions that were identified and argued by counsel were both as to a $450,000 value and a zero value, both of which could turn out to be much more. I submit they'll both come out to negative numbers, but yes, we understand and appreciate that could happen on a full valuation assessment. So, you think that your client presented sufficient evidence of value to rebut a presumption of value from the, based on the settlement agreement. Is that right? I would say that there was no presumption that should be allowed to then rebut. There should have been some presentation by appellee that there was some value through expert evidence or market evidence and nothing was presented. Nonetheless, if there is a presumption that $450,000 is correct, then yes, my client did present sufficient evidence to identify the waterfall effects and the return on investments on the interest that was transferred, sufficient to show no value. The argument is, is that it was a sham affidavit though, because your client previously testified that they couldn't state what the value was. Correct. There was the argument made that it was a sham declaration. A sham declaration finding must have been made by the court and there was not a finding made within the order to that issue. The evidence that was presented by declaration was not inconsistent with the evidence at the deposition. The information was elaborated to more specifically look at the operating agreement and what it entailed in terms of final distribution upon sale of the asset. So, even if there was a presumption, your client submitted sufficient evidence to rebut that perception, such that there should have been a trial. Correct. The problem is that the presumption is conclusive, right? I mean, under the state law, if it applies, it's a conclusive presumption. You can't rebut it. That is correct. It is a conclusive presumption that cannot be rebutted. And to that end, I redirect you to the arguments in the briefing on both sides that look at what state or federal law applies and specifically to the four cases, Golden Gate, Enright R3MB, Enright S. Eno Healthcare, and Zhu v. Lee, which all include both diversity and federal question issues, all of which then allowed the use of California law, whereas when we look at purely federal question with no diversity issues, there is no application of 622 that would be proper to allow the conclusive presumption. With that, I would submit that the bankruptcy court's use and adoption of the state court presumption to determine value was improper and respectfully request that this court remand, overturn the MSJ order and judgment and remand with instruction regarding valuation and a determination with competent evidence on fair market value. All right, and then we'll just have the rest of your time reserved. Thank you very much. Good morning. Good morning, Your Honors. Jack Pretzellis for the Appley, the Chapter 7 trustee. Appellants argue that the trustee didn't submit evidence of value of the transferred issue. Appellants signed a contract that said their membership interest was valued at $450,000. When asked what it was worth at the time of the transfer, the representative testified, I could not tell you that. Now, appellants want to tell this panel in the bankruptcy court below that the property was in fact worth less than nothing. That's contrary to the contract. It's contrary to the deposition testimony. And I would submit that California has a one-sentence answer to that question, which is the facts recited in a written instrument. So, counsel, can you tell me why you think Section 302 of the Federal Rules of Evidence applies? What about this litigation makes state law supply the rule of decision in this case? Sure. Turning to that issue, Section 622 codifies the common law doctrine of a stop-and-wipe contract. But why does state law control the resolution of a 547 preference claim? Because it tells the bankruptcy court how to understand the words in this settlement agreement. State law tells us. But why does a settlement agreement make any difference with regard to a preference claim? That's what I'm asking you. You want us to look at the settlement agreement and then discern that it has a value in it and that that somehow controls. What about the preference litigation makes state law applicable versus federal law? I would submit that the contract itself is what creates the preference. That's what we look at to decide. But the problem that you have is that the bankruptcy law for good reason doesn't rely on state law for everything. So it seems to me that the rule you're advocating could create an awful lot of mischief. If people knew this was the rule, then you would have debtors who are about to file bankruptcy make sweetheart deals with their insiders and then immunize them from a preference claim later on merely by saying, well, this is the recital of value in the contract. And knowing full well that had nothing to do with anything other than the fact that they wanted to minimize the preference exposure of the insiders right after they filed bankruptcy. So, Your Honor, I would I would submit that that factual situation is is not akin to what we have. But isn't that going to be what happens if we adopt this rule? Anybody who's clever is going to do that and say, oh, bankruptcy trustee, you can't touch me. I've got a state law presumption now and it's going to trump anything that the bankruptcy code says about undoing sweetheart. And the BAP has issued a decision that supports that. Not all BAP decisions are precedential, but. No, but that's what people are going to do. But beyond that, there is an answer to those questions, which I believe is that courts don't enforce contracts that are for for various reasons, including fraud and mistake. How do we know this isn't one? I mean, this bankruptcy was filed, what, six months or so after this after the settlement was made. And how do these were all insider deals? How do I know this wasn't a sweetheart deal? And this really wasn't worth eight hundred fifty thousand dollars or a million dollars or three dollars and fifty cents? I mean, I don't know. I mean, I think the record below reflects that there was that this was negotiated at arm's length representations that the that the value of the property from the appellant's perspective was was, in fact, shortly before this deal was signed, they said it was worth seven hundred thousand dollars. And as part of the negotiation of a settlement of state court litigation, they ended up at 450 to people allocate value and consideration and settlement agreements all the time for reasons that have nothing to do with the underlying values. I mean, take any personal injury settlement, whether you're going to call it pain and suffering or whether you're going to call it recovery of actual incurred costs. I mean, there's tax advantages to scheduling it one way or the other. And people do that all the time. And it does it not. Is it not important to have it actually reflect the actual value, particularly when there's a tax consequence? And I there. Oh, I'm not sure that has anything to do with actual value. It has to do with what's economically advantageous for the parties. It's a deal. Well, they've represented to the taxing authority that that is the value. And now there would be suggesting that they are not bound by that value as between the parties. But that's because they were motivated by a tax remedy and they weren't motivated by being honest about what the real transaction was. They had another ulterior motive. And we can't discern that in this case. And we don't isn't the in this case isn't the real consideration, the promise of payment. It isn't the actual value that's transferred. It's the promise that we're going to pay you cash and we're going to transfer these interests to you. It isn't the value of those interests that makes any difference in the transaction. Because I would say, why do they say what these interests are? They said these interests had specific values. One was 450. One was zero. Why did we value one at zero? One who cares why they valued it? Why does it make any difference to us or to anybody else? Since it's the promise, not the actual value that makes any difference. You you're utilizing it because it's easy and it's simple. It's not that it actually makes any difference, does it? The flip side is that the alternative version of this is the trustee now has to go through a very expensive retrospective. Yeah, guess what? It has to prove its case instead of relying on this presumption. And won't you be shooting your I mean, won't the trustee be shooting himself in the foot if if you actually have this rule adopted? Because parties will negotiate accordingly, just like they negotiate accordingly around the tax laws, and they will suddenly start stating consideration to be much lower amounts so they can reduce exposure for insiders when they make these kinds of deals before bankruptcy is filed. As I said before, I think that if that concern has an answer, which is courts don't enforce, cannot enforce contracts for reasons of fraud or mistake, and that is not an issue. But it's a binding presumption. You just told me it's a binding presumption. It's conclusive. I don't know that. Where's the law that says I would get to behind that? Well, I think that if there's a if there's a basis for not enforcing the contract, there's a basis for not enforcing the binding presumption that stems from that contract. So the case law on 622, the provision that you rely upon, says that it's long been held that only the essential facts contained which are necessary to determine the obligations and liabilities. Why does this matter to us? What the consideration is, if it if it isn't necessary to the transaction. In other words, the exchange of promises is what the consideration and that creates the liability. That part is clearly binding on them. It's a valid settlement. There's no doubt about that. But the number that's assigned is irrelevant to anything. California wouldn't enforce that if it was part of the recital of consideration, and it wouldn't enforce it if it was an immaterial provision. So how do you get around that problem? I would respectfully disagree with that interpretation of 622. I think that Lane case, if you read it carefully, says I'm talking about the gas APS company versus Bastion case. I'm talking about Taylor versus Lunda Blade. I'm talking about those cases that hold that its conclusive presumption is inapplicable to non-essential facts in a contract. That is not an essential fact of this contract. Consideration is an essential contract. The amount of the consideration is irrelevant. Well, I would a couple of points. I think the first issue is that whether or not the valuation provision is an essential piece of the contract or not was not an issue raised to the bankruptcy court in opposition to this motion. Who cares? We're on summary judgment. We have the novel review of this. You have to prove that you have an entitlement that there's no disputed issues of fact, and you're entitled to judgment as a matter of law. And if you can't sustain that, then we're to reverse it. We can raise these issues as legal questions. These aren't factually disputed issues. Well, and I would respectfully submit that the legal questions being raised, which were not raised below, including whether or not 302 applies, the court has discretion, I will admit, to address legal questions on appeal. There's no question about that. However, I would submit under these circumstances, the court should not exercise that discretion for two reasons. It's not discretion. It's de novo review. It's a question of law. We don't have any deference to anybody on that. We look at the law. My understanding is that in opposition to the motion, the appellant, the defendant, was supposed to raise all of the arguments they were going to raise. They raise an argument that it was inappropriate to apply 622. The fact that they didn't raise 302 necessarily doesn't mean they couldn't raise it on appeal because they already preserved the objection to the use of 622. Your argument now that 622 is distinguishable from the case law that says that these non-essential terms is another legal argument that they don't need to raise that we can raise with you because we have to determine if it's appropriate, right? So I think there's a distinction on the 622 issue on your first question, which is that the 622 argument that was made at the trial court to the bankruptcy court was simply that the exception to 622 does not apply. There was never an argument that 622 as a whole should not be applied in this circumstance. That is not an issue. 302 is nowhere to be found in the opposition to the motion. They only need to preserve an objection. They don't need to make every argument before the bankruptcy court in order for us to determine that it's preserved. Is that true? I mean, I don't think that it's not an argument that was made to the bankruptcy court. The bankruptcy court was never told don't apply 622 at all because 302 doesn't pull it in. But if they said don't apply 622, isn't that enough? Well, no, they said don't apply 622 because it's because it falls into the exception. And I think as long as they said don't apply 622, that's probably enough to preserve it. But the bankruptcy court wasn't told, oh, but the reason you don't apply it is this other reason that I'm not telling you about. It's that 302 doesn't work. And that's what I'm saying is that the bankruptcy court never got the opportunity to be told. So you tell us why doesn't why does 302 applicable then in this case and to bring in the state law rule of decision in a preference action? With my four minutes remaining, I will briefly do that. And I would also like to address the sham declaration issue. I would say that bankruptcy courts commonly look at the contract payment terms, for example, and necessarily have to interpret those payment terms to determine whether or not something's a payment is in the ordinary course. We have to look at state law, follow state law contract interpretation principles to decide whether or not payment's in the ordinary course. The same state law is also applied, you know, to interpret contracts to determine, you know, to what extent the debtor had an interest in property, for example, under a contract. We're using state law contract interpretation principles in preference cases. And my view is that this issue gets it is it is an issue of state law when you look at a contract and interpret a contract, you have to look to state law. I would like to spend just a moment on the sham declaration issue because I only have a few left. Okay, so I'm actually going to get to there. I do want to point out that there's a before we get to that, the Clemens case cited by appellants and the moving papers says that a signed agreement assigning value to a transferred asset creates a prima facie case that shifts the burden. The opening brief from appellants says Clemens holds that when a plaintiff establishes asset value through a written agreement, they make a prima facie case of value, shifting the burden to defendant to rebut it with credible evidence. That's at the opening brief at page 22. I would submit that the settlement agreement submitted as part of the motion shifted the burden to the appellant to offer conflicting evidence to demonstrate that their that the value is not as stated. The what evidence we got back was a sham declaration that didn't create a tribal issue of fact. The declarant went from testifying he couldn't tell me the value of that at the time to weeks later giving a negative value analysis with nothing changed using the evidence that we that he was put. So the bankruptcy court made a finding that this was a sham affidavit? No, your honor, the bankruptcy court didn't make that finding because the bankruptcy court wasn't didn't didn't have flag. You raised it in summary judgment. When it made its decision, it didn't rule on your on your motion. It didn't say you were correct. It didn't do anything to support that decision. Right. I agree. The bankruptcy court did not make a decision on that. And I would I would suggest that perhaps had the 302 issue been raised by the appellant, the bankruptcy court would have concluded the thought and ruled on the sham declaration issue. But typically courts, when they get to a decision, stop, they don't go one step further because it's unnecessary to their ultimate decision. I think that's. But isn't your argument that you just presented is that, look, we had a conclusive presumption in a document that shifted the burden to them. They then file an affidavit. They can't because anything they say after the deposition testimony, we're going to create a sham affidavit argument about and the court doesn't have to rule on it. It's still going to be determined to be sham affidavit. So they can't rebut your presumption under your argument. Well, this is this is an alternative reason for affirming the bankruptcy court's decision, which is to look at the evidence submitted in opposition. And I would I would as I said, I believe that the that the that if the court decides to to conclude that the issue was not waived, I would suggest request that you examine what what the declaration said, because it is inconsistent with the deposition testimony, directly inconsistent. But it has to be clear and unambiguous to justify striking the affidavit. And that's how is that established in this case? Because he was asked, what is it? What was it worth at the time of the transfer? And he said, quote, I cannot tell you. And the declaration says I reviewed additional documents. I went to a broker's opinion of value. I did an analysis of the operating agreements. I was asked more specifically to give an opinion of value than what was presented at the deposition. But he's using evidence that was given to him at the deposition to value it. That's the I think that's the issue is that there's nothing new here. And did you ask him to to look at that evidence before you asked the question and then to give you an opinion of value? I do not recall, Your Honor. I don't want to say one way or the other, but I believe that that he had an opportunity to say how to value. He also had an opportunity to say how he would value it. And he said he said you only know what it's worth when somebody tells you what it's worth by offering you some money that that. Looking at the record on the sham declaration, it I recognize that most things do not count as a sham declaration. I would submit that that this does. And I know that I'm a minute and 15 over. So I appreciate the indulgence on the time. Thank you, Your Honor. Thank you. Thank you. I will submit, Your Honors. Thank you. Thank you. All right. Thank you very much for your argument. The matter will be submitted and we will issue a decision.
judges: Brand, Gan, and Pearson